**Susan FREEDMAN, Plaintiff Below, Appellant,**

v.

**William H. ADAMS, III, Keith A. Hutton, Jack P. Randall, Phillip R. Kevil, Herbert D. Simons, Vaughn O. Vennerberg, II, Lane G. Collins, Scott G. Sherman, Bob R. Simpson and XTO Energy, Inc., Defendants Below, Appellees.**

**No. 230, 2012.**

Supreme Court of Delaware.

Submitted: Oct. 24, 2012.

Decided: Jan. 14, 2013.

---

6. *Adams v. Aidoo*, C.A. No. 07C–11–177(MJB), 2012 WL 3563062 (Del.Super. March 29, 2012).

Robert D. Goldberg, Esquire, Biggs and Battaglia, Wilmington, Delaware; Of Counsel: Alexander Arnold Gershon, Esquire (argued) and Michael A. Toomey, Esquire, Barrack, Rodos & Bacine, New York, New York; and Daniel E. Bacine, Esquire, Barrack, Rodos & Bacine, Philadelphia, Pennsylvania, for Appellant.

Raymond J. DiCamillo, Esquire (argued) and Margot F. Alicks, Esquire, Richards, Layton & Finger, P.A., Wilmington, Delaware, for Appellees.

Before HOLLAND, BERGER, JACOBS and RIDGELY, Justices and VAUGHN, President Judge,* constituting the Court en Banc.

* Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Su-

BERGER, Justice:

In this appeal we consider whether a derivative complaint challenging a corporate board's decision to pay certain executive bonuses without adopting a plan that could make those bonuses tax deductible states a claim for waste. The trial court concluded that the complaint fails to allege, with particularity, that the board's decision not to implement a so-called Section 162(m) plan was a decision that no reasonable person would have made. We agree and affirm.

**Factual and Procedural Background**

Susan Freedman was a stockholder of XTO Energy Inc., a Delaware corporation that, before being acquired by ExxonMobil Corporation, was in the business of oil and gas production. In 2008, she filed a derivative action alleging that XTO's board committed waste by failing to adopt a plan that could have made its bonus payments tax deductible. Specifically, Freedman alleges that compensation awarded to corporate officers in excess of $1 million per year is tax deductible only if paid pursuant to § 162(m) of the Internal Revenue Code.[1] From 2004–2007, XTO paid executive bonuses totaling more than $130 million, and those payments were not tax deductible. The XTO board was aware that, under a qualified Section 162(m) plan, bonuses could be tax deductible, but it did not think its compensation decisions should be "constrained" by such a plan.

Shortly after Freedman filed her complaint, XTO's board approved a Section 162(m) plan. That plan was approved by its stockholders at XTO's 2009 annual meeting. XTO never made use of the plan, however, because it merged with and into a subsidiary of Exxon on June 25, 2010. Freedman agreed to dismiss her complaint, as moot, on April 5, 2011. Then she filed a motion seeking $1 million in attorneys' fees, arguing that the complaint benefitted the company by causing XTO to adopt a Section 162(m) plan. The Court of Chancery denied the motion, finding that the complaint was not meritorious when filed because it does not adequately allege that demand on the board would have been futile. This appeal followed.

**Discussion**

 In a derivative suit the stockholder-plaintiff must allege, with particularity, that demand on the board of directors to redress the alleged wrong would have been futile.[2] A valid waste claim would deprive the board of the protection of the business judgment rule, and excuse demand.[3] Although the trial court addressed several other matters, Freedman appeals only the determination that the complaint does not state a claim for waste.

As noted, the complaint alleges that the bonuses paid to executive officers during a three year period could have been tax deductible if paid under a valid Section 162(m) plan. Those bonuses totaled approximately $130 million. If the bonuses were tax deductible, XTO would have saved approximately $40 million. The complaint then alleges that "it is irrational for a corporate board of directors not to have a stockholder-approved, objective, performance-based compensation plan."[4] As reflected in the complaint, the XTO

preme Court Rules 2 and 4(a) to fill up the quorum as required.

1. 26 U.S.C. § 162(m).

2. Court of Chancery Rule 23.1.

3. *Leung v. Schuler*, 2000 WL 264328, at *10 (Del.Ch.).

4. Appellant's Appendix, A–11 (Complaint, ¶ 11).

board was aware of the "tax deduction issue," but did not believe that its compensation decisions should be "constrained" by Section 162(m). In its proxy statements, XTO stated:

> While the compensation committee monitors compensation paid to our named executive officers in light of the provisions of Section 162(m), the committee does not believe that compensation decisions should be constrained necessarily by how much compensation is deductible for federal tax purposes, and the committee is not limited to paying compensation under plans that are qualified under Section 162(m).[5]

The complaint alleges that Section 162(m) imposes no constraints, and that XTO's statements to the contrary are false. It explains that a Section 162(m) plan can provide for bonuses based on a variety of objective, performance criteria. Even in a year of losses, XTO could have paid bonuses under such a plan.

■ Waste claims usually involve a transaction where a corporation allegedly exchanges assets for disproportionately low consideration. To state a claim for waste, a stockholder must allege, with particularity, that the board authorized action that no reasonable person would consider fair:

> To recover on a claim of corporate waste, the plaintiffs must shoulder the burden of proving that the exchange was so one sided that no business person of ordinary, sound judgment would conclude that the corporation has received adequate consideration. A claim of waste will arise only in the rare, uncon-

scionable case where directors irrationally squander or give away corporate assets. This onerous standard for waste is a corollary of the proposition that where business judgment presumptions are applicable, the board's decision will be upheld unless it cannot be attributed to any rational purpose.[6]

Freedman contends that the board's failure to adopt a Section 162(m) plan falls into this category because it amounted to a gift in the form of tax payments that were not required.

We disagree. There are two reasons why the complaint fails to state a claim for waste. First, although Freedman alleges that the benefits of having a Section 162(m) plan are "obvious,"[7] the complaint does not allege that any of the bonuses paid to XTO's executives actually would have been tax deductible under such a plan. Second, the XTO board was aware of the tax law at issue, but intentionally chose not to implement a Section 162(m) plan. The board believed that a Section 162(m) plan would constrain the compensation committee in its determination of appropriate bonuses. The decision to sacrifice some tax savings in order to retain flexibility in compensation decisions is a classic exercise of business judgment. Even if the decision was a poor one for the reasons alleged by Freedman, it was not unconscionable or irrational.

### Conclusion

Based on the foregoing, the judgment of the Court of Chancery is affirmed.

---

5. Appellant's Appendix, A–10 (Complaint, ¶ 10, quoting XTO proxy statement).

6. *In re the Walt Disney Company Derivative Litigation*, 906 A.2d 27, 74 (Del.2006) (Quotations and citations omitted.).

7. Appellant's Appendix, A–12, Complaint ¶ 14.